UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20284-ALTMAN/REID

UNITED STATES OF AMERICA,

v.

YASMANI SAN JUAN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

    This matter is before the Court upon the Honorable Roy K. Altman's Order of Referral [ECF No. 8], to conduct a Change of Plea Hearing for Defendant Yasmani San Juan in this case. The Court having conducted the Change of Plea Hearing on August 22, 2023, to determine whether Defendant has knowingly and voluntarily entered a guilty plea, **RECOMMENDS** that Defendant's change of plea be accepted for the following reasons:

    1.    The Court convened a hearing to permit Defendant to enter a change of plea. At the outset of the hearing, Defendant was advised of his right to have these proceedings conducted by the district judge assigned to his case. Additionally, it was explained that the district judge assigned to this case would be the sentencing judge and conduct the sentencing hearing, and would make all findings and rulings concerning Defendant's sentence, and decide whether to accept the Government's recommendations as to sentencing.

    2.    Defendant was informed that he did not have to permit a federal magistrate judge to conduct the Change of Plea Hearing and could request that the Change of Plea Hearing be conducted by the district judge assigned to the case. Defendant, his attorney, and the Government all consented on the record to the Undersigned conducting the hearing.

3. Further, the Undersigned inquired into whether Defendant had ever been treated for mental health or addiction issues, and whether he was under the influence of any prescribed or proscribed substances at the time of the Hearing. He denied any mental health or addiction issues and stated he was able to fully understand the proceedings. Based on Defendant's responses to these inquires, the Court determined Defendant was competent and able to fully understand the proceedings.

4. The Court conducted a plea colloquy in accordance with Fed. R. Crim. P. 11.

5. The parties entered into a written plea agreement in this case. The Undersigned reviewed the plea agreement on the record and the Defendant acknowledged on the record that he had signed and understood it. Defendant pleaded guilty to Count 1 of the Information, which charges the Defendant with Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

6. The Court ensured that Defendant understood the terms of the plea agreement and that the plea agreement represented, in its entirety, the understanding Defendant has with the Government.

7. The Government stated on the record a factual basis for the entry of the plea that included all essential elements of the offense to which Defendant is pleading guilty and any sentencing enhancement and/or aggravating factors that may be applicable. Specifically, the Court reviewed with Defendant the Government's factual proffer, to assure that a factual basis for the entry of the plea exists. Defendant assented to the accuracy of the proffer and acknowledged his participation in the offense.

8. Further, the Court reviewed with Defendant the possible minimum and maximum penalties for the charged offense. Defendant acknowledged that he understood these possible

penalties. Defendant was advised that the Court may impose a minimum term of imprisonment of five (5) years and may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of at least five (5) years up to life. The Court also advised Defendant that in addition to a term of imprisonment and supervised released, the Court may impose a fine of up to $250,000 and may order forfeiture and restitution. Defendant acknowledged that a special assessment in the amount of $100 will be imposed on the Defendant. In addition, the Court may impose an additional special assessment of $5,000 pursuant to the Justice for Victims of Trafficking Act of 2015. *See* 18 U.S.C. § 3014(a)(4).

9. Once a victim's losses are calculated, pursuant to 18 U.S.C. § 2259(b)(2)(B), the Court will order restitution in an amount that reflects the Defendant's relative role in the causal process that underlies the victims' losses, but not less than $3,000 per victim. Further, the defendant agrees to make full restitution to all minor victims of his offenses as to all counts charged, pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. §§ 3663A(a) and (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259.

10. Defendant agreed, in an individual and any other capacity, to forfeit to the United States voluntarily and immediately any right, title, and interest to: any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of 18 U.S.C. Ch. 110: any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense to which the Defendant is pleading guilty; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense pursuant to 18 U.S.C. § 2253(a).

11. Defendant acknowledged that he had reviewed the Information, discussed the charge against him with his attorney, and was satisfied with the legal representation he received, and had a full opportunity to discuss the facts of the case with his attorney.

12. The Court specifically reviewed the terms of the appeal waiver in Paragraph 13 of the plea agreement. Defendant acknowledged that he thereby waived all rights conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. He also acknowledged that he thereby waived all rights conferred by 28 U.S.C. § 1291 to assert any claim that (1) the statute to which the defendant is pleading guilty is unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute of conviction. Finally, Defendant acknowledged he had sufficient time to discuss the terms of the waiver with his attorney and understood it. The Court finds that Defendant's waiver of his right to appeal the sentence imposed in the case and his right to appeal his conviction in the manner described in the agreement is knowing and voluntary.

13. Based upon the foregoing and the plea colloquy conducted by the Court, it is recommended that Defendant be found to have freely and voluntarily pleaded guilty as to Count 1 of the Information and that Defendant be adjudicated guilty of the offense charged.

14. A pre-sentence investigation report is being prepared. Sentencing will be set before District Judge Roy K. Altman.

## **CONCLUSION**

For the foregoing reasons, it is **RECOMMENDED** that Defendant's guilty plea be accepted, Defendant be adjudicated guilty as to Count One (1) of the Information to which he has entered a plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

Objections to this Report may be filed with the district judge within **five** (5) days of receipt of a copy of the Report. Failure to timely file objections waives a party's right to review issues related to the Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals. *See* Fed. R. Crim. P. 59(b)(1), (2); 11th Cir. R. 3-1; *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 22nd day of August, 2023.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:   **United States District Judge Roy K. Altman;**

**All Counsel of Record**